IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN ELITE BAILEY, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:CV-16-2392
:
DOCTOR STANISH, ET AL., : (Judge Conaboy)
:
    Defendants :

FILED
SCRANTON
MAY 0 8 2017
Per_____
DEPUTY CLERK

**MEMORANDUM**

**Background**

    Stephen Elite Bailey (Plaintiff) initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania while confined at the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania (SCI-Retreat). The Eastern District previously granted an in forma pauperis application filed by the Plaintiff and transferred the matter to this Court.

    Service of the Complaint was previously ordered. By Order dated April 20, 2017, Dr. Stanish, who is the only Defendant identified by name in the Complaint, was granted an enlargement of time to June 16, 2017 in which to file a response to the complaint. See Doc. 20.

    A copy of that Order which was mailed to Plaintiff at his last known address, SCI-Retreat, was returned as undeliverable

1

with a notation that the mailing could not be forwarded because the forwarding time had expired. See Doc. 21.

**Discussion**

A copy of this Court's Standing Practice Order was mailed to Plaintiff on December 1, 2016. See Doc. 6. The Standing Practice Order provides in relevant part as follows:

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while this lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address the plaintiff will be deemed to have abandoned the lawsuit.

Id., p. 4.

M.D. Pa. Local Rule 83.18 similarly provides that a pro se litigant has an affirmative obligation to keep the court informed of his or her address and must immediately inform the court if his or her address changes in the course of the litigation.

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of his action is appropriate. See Federal Rule of Civil Procedure 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). Although Bailey has apparently left SCI-Retreat, he has not advised this Court of either his release from that facility nor provided it with his current address. Consequently, he has clearly failed to comply with the requirements of Local Rule 83.18.

A review of the Department of Corrections electronic database reveals no information regarding the Plaintiff. In

addition, Bailey has not made any filings whatsoever in this matter since December, 2016. Based upon those circumstances, it appears that Plaintiff is no longer interested in pursuing his pending claims.

Moreover, Bailey's failure has prevented this matter from proceeding. The inability of this Court to communicate with Plaintiff is solely the result of his own inaction and renders ineffective any sanction short of dismissal of the action. See Poulis v. State Farm, 747 F. 2d 863 (3d Cir. 1984). Since Bailey's present whereabouts are unknown, it would be a waste of judicial resources to allow this action to continue.

Based on the present circumstances, dismissal of this action without prejudice for failure to prosecute is warranted. However, in the event that Bailey provides this Court with his current address within a reasonable time period, this determination will be reconsidered. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: MAY 5, 2017

3